UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACEY LAIB,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-0142-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 12, 18.) Attorney Clifford King B'Hymer represents Stacey Laib (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability insurance benefits (DIB) on February 26, 2006 (Tr. 124), and supplemental security income (SSI) on March 9, 2006. (Tr. 321.) She alleged disability due to "[left] shoulder dislocation, tendon tears, osteoperic [sic] range 2.39." (Tr. 115.) Her alleged onset date was January 16, 2006. (Tr. 123, 321.) Plaintiff's claim was denied initially and on reconsideration.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

She requested a hearing before an administrative law judge (ALJ), which was held on September 23, 2008, before ALJ Paul Gaughen. (Tr. 329-87.) Plaintiff, who was represented by counsel, medical expert Michael Gurvey, M.D., and vocational expert Daniel McKinney (VE) testified. (*Id.*) The ALJ denied benefits on February 13, 2009. (Tr. 12-20, 9-11.) In her request for review by the Appeals Council, Plaintiff asserted the ALJ should have found her disabled for the closed period between January 16, 2006, through October 16, 2008. (Ct. Rec. 13 at 8-9.) The Appeals Council denied review. (Tr. 4-6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 42 years old at the time of the hearing. (Tr. 302.) She had a high school diploma and three years of community college. (Tr. 120.) She was married at the time of application for benefits. (Tr. 321.) Plaintiff has past work experience as a certified nursing assistant, fish hatchery marker, and x-ray technician. (Tr. 116.) She had five surgeries on her left shoulder and upper left extremities between January 2006 and March 2008. (Tr. 334-336.) She also had injuries to her right shoulder, right hip and both knees. (Tr. 15.) She stated she could no longer work because of lack of mobility in her arm and shoulder; neck and shoulder pain; and headaches. (Tr. 336.)

**ADMINISTRATIVE DECISION**

Initially, ALJ Gaughen found Plaintiff was insured for DIB

purposes through June 30, 2009. (Tr. 14.) At step one of the sequential evaluation process, he found she had not engaged in substantial gainful activity since January 16, 2006, the alleged onset date. (*Id.*) At steps two and three, he found Plaintiff had "severe musculoskeletal impairment to the left shoulder/status-post arthroscopic surgery; and osteopenia with moderate risk for fracture," but alone and in combination, these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Pt. 404, Subpt. P, Appendix 1 (Listings). (*Id.*, Tr. 17.) At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work and a wide range of sedentary work with the following restrictions:

> [S]he can occasionally lift 50 pounds and frequently lift 10 pounds but only below the shoulder; she can sit and stand/walk 6 hours out of 8 hours, with the accommodation/option to sit-stand; and she can occasionally crawl. She cannot perform repetitive overhead work activities on the left and only below shoulder lifting of 10-15 pounds with the left extremity; and no unprotected heights (ladders, ropes, scaffolding); no heavy torque tasks with the left non-dominant hand/arm/wrists; and no vibrations.

(Tr. 16.) Considering this RFC and VE testimony, the ALJ found Plaintiff was not able to perform her past relevant work. (Tr. 18.) At step five, the ALJ found Plaintiff could perform light occupations such as cashier and messenger with the RFC assessed. (Tr. 19.) He concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time from January 16, 2006, through the date of his decision. (*Id.*)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

### SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question on review is whether the ALJ's decision is supported by substantial evidence and free of legal error. The sole issue raised by Plaintiff is whether the ALJ erred when he failed to

find her disabled for the closed period between January 16, 2006, and October 2008.  (Ct. Rec. 13.)

**DISCUSSION**

Plaintiff alleged an onset date of January 16, 2006, in her initial application.  The ALJ found she was not disabled at any time from that date through the date of his decision.  It was not until Plaintiff requested review by the Appeals Council that a closed period of disability was asserted.  However, the Appeals Council denied review, making the ALJ's non-disability determination a final decision.  Plaintiff argues the ALJ should have found she was unable to perform work activities from the alleged date of onset to October 2008, because she was recuperating from a series of orthopedic surgeries during that time.

Under the standards relevant to the Commissioner's final decision, a reviewing court will affirm the Commissioner's decision unless (1) it is not supported by substantial evidence, or (2) it is based on legal error. Even if there are two rational interpretations of the evidence, the court may not substitute its judgment for that of the Commissioner.  Thus, even if Plaintiff identifies evidence in the record that reasonably supports her argument that she was disabled for a closed period, the standard of review dictates that the Commissioner's decision be upheld if it is legally sufficient.

Here, the ALJ's decision is supported by substantial evidence. In addition to medical records submitted by Plaintiff, the ALJ properly obtained medical expert testimony to assist in interpreting the medical records and ordered a consultative orthopedic evaluation to supplement the record.  *Lester v. Chater*, 81 F.3d 821, 831 (9th

Cir. 1995). As the record shows, Plaintiff suffered numerous injuries and/or surgeries during the alleged closed period: left shoulder and biceps tenodesis repair surgery in June 2006 (Tr. 235-37); right humeral spiral fracture in November 2006 for which she was placed in a "long-arm hanging cast" (Tr. 139-40, 260-62); and left wrist fracture and ulnar injury surgery in March and April 2007. (Tr. 128-33, 145-53.)

There are no medical records to establish ongoing impairment or treatment in September 2006 through October 2006, or from May 2007 through December 2007. In December 2007, six months after Plaintiff's left wrist surgery, treating physician Steven Boyea, M.D., observed the Plaintiff was healing well, was able to make a full fist, "has good capillary refill and responds to light touch. Her fingers have full range of motion." (Tr. 142.) He noted that although she was improving, she reported a fair amount of discomfort and stiffness which was possibly early "post-traumatic arthrosis." (Tr. 143.) He recommended "anti-inflammatory medication and work and activity modification" to address possible arthrosis. (*Id.*) Between January 2008 and October 2008, there are no medical records indicating that Plaintiff's impairments or symptoms persisted.

The medical evidence was reviewed and discussed thoroughly by Dr. Gurvey, orthopedic surgeon and neuromuscular disease specialist, at the hearing. (Tr. 362-68, 373-76.) Plaintiff's attorney had the opportunity to cross-examine Dr. Gurvey, who clearly identified the five surgeries documented. (Tr. 363-66; 373-375.) As explained by Dr. Gurvey, although Plaintiff had shoulder surgery and a series of accidents and injuries between June 2006 and December 2007, there

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

are no medical reports to establish that alone or in combination, Plaintiff's impairments resulted in an inability to perform basic work activities for twelve continuous months. (*Id.*)  As suggested by Dr. Gurvey and Plaintiff's counsel, a follow up consultative orthopedic exam was ordered to assess her functional capacity. (Tr. 384.)  The results were submitted to the ALJ in November 2008, and incorporated into his decision. (Tr. 302-313, 15.)  Plaintiff does not reference evidence to contradict the medical findings, and does not challenge the medical source opinions in the record or Dr. Gurvey's testimony.  It is significant that, as found by the ALJ, none of Plaintiff's treating or examining physicians opined she was unable to do any work activities during the relevant period. (Tr. 18, 142-43.)

Regarding Plaintiff's testimony that her limitations were disabling, disability cannot be established based on a claimant's statements alone.  20 C.F.R. §§ 404.1508, 416.908; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).  Further, the ALJ found Plaintiff's testimony regarding the severity and persistence of her symptoms was not credible.  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Morgan*, 169 F.3d at 599 (*quoting Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).  If there is no affirmative evidence of malingering, the reasons must be "clear and convincing." *Lester,* 81 F.3d at 834.  Here, the ALJ's credibility findings are supported by "clear and convincing reasons" and are not challenged. In rejecting Plaintiff's allegations to the extent they were inconsistent with the RFC for light work assessed, the ALJ properly

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

referenced inconsistencies between Plaintiff's hearing testimony and self-report in clinic notes, inconsistencies between her allegations and the medical source reports, and inconsistencies between limitations she alleged at the hearing and her report of activities of daily living in her application for benefits. (Tr. 17-18, *see also* Tr. 115, 142, 367.) He also noted that Plaintiff complained of symptoms, including on-going pain and numbness in her fingers, at the hearing that were not mentioned in the medical records. (Tr. 17-18, 367, 374-75.)

The ALJ's evaluation of the evidence and findings are supported by substantial evidence and free of legal error. Where, as here, the Commissioner's determination of non-disability is a reasonable interpretation of the evidence, it must be affirmed. Because the ALJ found Plaintiff was not disabled at any time, *i.e.*, for a continuous period of twelve months, between January 2006 and February 2009, Plaintiff's argument that she is eligible for disability benefits for a closed period between January 2006 and October 2008 fails.

**CONCLUSION**

The ALJ's determination is a rational interpretation of the record in its entirety and is supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1 | The District Court Executive is directed to file this Order and
2 | provide a copy to counsel for Plaintiff and Defendant.  Judgment
3 | shall be entered for Defendant and the file closed.
4 | DATED May 26, 2010.

                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE